

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. AP-77,049

### SCOTT LOUIS PANETTI, Appellant

### v.

### THE STATE OF TEXAS

### ON DIRECT APPEAL FROM THE DENIAL OF DEFENDANT'S RENEWED MOTION TO STAY OR MODIFY THE EXECUTION DATE FILED IN CAUSE NO. 3310 IN THE 216TH DISTRICT COURT GILLESPIE COUNTY

*Per curiam.* ALCALA, J., filed a dissenting opinion in which PRICE, JOHNSON, and COCHRAN, JJ. joined.

## O P I N I O N

In September 1995, appellant was convicted of capital murder and sentenced to death. This Court affirmed appellant's conviction and sentence on direct appeal. *Panetti v. State*, No. AP-72,230 (Tex. Crim. App. Dec. 3, 1997)(not designated for publication). This Court denied relief on appellant's initial post-conviction application for a writ of habeas corpus. *Ex parte Panetti*, No. WR-37,145-01 (Tex. Crim. App. May 28, 1998)(not

designated for publication). This Court also dismissed two subsequent applications for writs of habeas corpus because they failed to meet the dictates of Article 11.071 § 5. *Ex parte Panetti*, No. WR-37,145-02 (Tex. Crim. App. Oct. 21, 2009)(not designated for publication) and 326 S.W.3d 615 (Tex. Crim. App. 2010). After appellant exhausted his remedies in federal court, the state convicting court set an execution date for February 2, 2004. After raising the issue of his competency to be executed, appellant received a stay of his execution, and competency proceedings ensued. Appellant was ultimately found competent to be executed.

On October 16, 2014, the convicting court again set an execution date for appellant. Appellant is set to be executed on December 3, 2014. After the new execution date was set, appellant filed in the trial court his "Defendant's Motion for Emergency Hearing." In the motion, he asserted that the execution date should be withdrawn or modified so that he could litigate the issue of his competency to be executed under Texas Code of Criminal Procedure Article 46.05. The Court denied the motion.

On November 14, 2014, counsel filed the "Defendant's Renewed Motion to Stay or Modify Execution Date, Appoint Counsel, and Authorize Funds for Investigative and Expert Assistance to Provide Meaningful Opportunity to Prepare Article 46.05 Motion." In the "renewed motion," counsel argued that, although appellant could make a "colorable" showing of incompetency, he could not meet the threshold requirement of Article 46.05 without a stay, the appointment of counsel, and funds to hire an expert and

an investigator. Without these necessary resources, counsel argued, appellant would be deprived of his due process rights under *Ford v. Wainwright*, 477 U.S. 399 (1986), and *Panetti v. Quarterman*, 551 U.S. 930 (2007). The trial court denied the motion. It is the denial of this motion that appellant now purports to appeal.

Appellant asserts that this Court has jurisdiction to review the trial court's ruling on this motion "because that order is intertwined with [appellant's] challenge that he cannot make the showing required under Article 46.05 for additional process without these fundamental resources." Article 46.05(l) provides that, on the motion of a party, this Court can review the trial court's decision under this statute and whether an existing execution date should be withdrawn. However, the Court is deprived of jurisdiction to review the trial court's ruling if the Article 46.05 motion is filed in the trial court "on or after the 20th day before the defendant's scheduled execution date." *See* Article 46.05(l-1). But appellant has not filed an Article 46.05 pleading, and he has not pointed to any statute that gives this Court jurisdiction to review the trial court's ruling on a freestanding motion such as the one he did file. Without an appealable order, this Court has no jurisdiction to review the trial court's ruling. Appellant's appeal is dismissed, and his motion to stay his execution is denied. No motions for rehearing will be entertained, and the Clerk's Office is instructed to issue mandate immediately.

Delivered:    November 25, 2014
Do not publish